THE STATE, CAHILL, PROSECUTOR, v. THE BOARD OF COMMISSIONERS OF HIGHWAYS, CRANFORD TOWNSHIP.

BEDLE, J.   This case was argued with the State, Winans and Abry v. Crane, Collector, but in it an additional question is raised, as to the right of Cahill to prosecute this *certiorari*. It is claimed by evidence *aliunde* the proceedings of the commissioners, that Cahill's land taken for the street, had been dedicated by him to the public, and, therefore, that he was not entitled to any damages, or if any, only nominal. The

State, Cahill, Pros., v. Commissioners, &c., of Cranford Township.

damages and benefits were each assessed at $1000, and these amounts being neutralized, it is said that the result, as to Cahill, is as it should be.

Elmendorf, one of the commissioners who signed the return, is an owner of land through which the street was laid, so also is Cahill. Whether Cahill had burthened his land with a public street, was a question to be determined by the commissioners, before the damages to Cahill could be fixed. The amount essentially depended upon it, and in it the other land owners, who were liable to pay for benefits, were interested. It was a very important matter to Cahill, and it cannot legally be said, that because the interested commissioner decided rightly, the prosecutor must submit. The whole action, whether right or wrong, is tainted.

But the prosecutor and Elmendorf were also each interested in the question, whether, if there had been a dedication, the street was laid entirely within the lines of dedication? That would affect the amount of damages to Cahill, and correspondingly the benefits to other land owners. Further, the street, if dedicated, had been dedicated to the width of eighty feet, whereas the street, as laid, was only sixty feet. Practically speaking, then, these proceedings amounted to an alteration of the street as dedicated (if dedicated). Sixty feet would take less of Elmendorf's land than eighty feet. Sixty feet might seriously interfere with Cahill's plan of improvement, and his interest, while the same width might suit Elmendorf much better than the greater width. At any rate, each was interested in the question of width.

For the reason stated, without any other, Cahill's standing as a prosecutor is, to my mind, clear.

The case is within the opinion referred to, and all the proceedings must be set aside.

CITED in *Maxwell* v. *Goetschius*, 11 *Vr.* 383; *Lister* v. *Newark Plank Road Co.*, 9 *Stew. Eq.* 477.